UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY HUGHES,

Plaintiff,

-against-

PORT JERVIS POLICE DEPARTMENT,

Defendant.

22-CV-0600 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against the Port Jervis Police

Department, alleging violation of his civil rights. By order dated January 25, 2022, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

(IFP).

## DISCUSSION

### A.    Port Jervis Police Department

Plaintiff's claims against the Port Jervis Police Department must be dismissed because

under New York law, city agencies or departments lack the capacity to be sued. *See Omnipoint*

*Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York,

agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d

293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative

arms of a municipality do not have a legal identity separate and apart from the municipality and

cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,'

as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of

Port Jervis, the Court construes the complaint as asserting claims against the City of Port Jervis,

and directs the Clerk of Court to amend the caption of this action to replace the Port Jervis Police Department with the City of Port Jervis. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of Port Jervis may wish to assert.

**B.     Service on the City of Port Jervis**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant the City of Port Jervis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further

instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.     John Doe Police Officers

Plaintiff asserts that on October 15, 2020, unnamed and unidentified members of the Port Jervis Police Department executed a warrant at Plaintiff's home and falsely arrested him. The Clerk of Court is therefore directed, under Fed. R. Civ. P. 21, to also add "John Doe Police Officers 1-5" as defendants to this action. This amendment is without prejudice to any defenses that these unidentified defendant may later wish to assert.

Further, under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Port Jervis Police Department to identify the John Doe Police Officers who were involved with Plaintiff's October 15, 2020 arrest. It is therefore ordered that the City Attorney for the City of Port Jervis, who is the attorney for and agent of the Port Jervis Police Department, must ascertain the identities and badge numbers of the John Doe Police Officers whom Plaintiff seeks to sue here and the addresses where these defendants may be served. The City Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285

3

forms with the addresses for the named John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the Port Jervis Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to substitute the City of Port Jervis as a Defendant.

The Clerk of Court is further directed to add, under Fed. R. Civ. P. 21, John Doe Police Officers 1-5, as defendants.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the address for the City of Port Jervis, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to City Attorney, City of Port Jervis at: 20 Hammond St., Port Jervis, New York 12771.

An "Amended Complaint" form is attached to this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.[1]

SO ORDERED.

Dated:    1 | 26 | 22
      White Plains, New York

                                                CATHY SEIBEL
                                United States District Judge

---

[1] Plaintiff has consented to receive electronic service of notices and documents in this case (ECF No. 3.)

## DEFENDANT AND SERVICE ADDRESS

City of Port Jervis
20 Hammond St.
Port Jervis, New York 12771

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____CV_____
(Include case number if one has been
assigned)

Write the full name of each plaintiff.

**AMENDED**

-against-

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name            Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State              Zip Code

Defendant 2:

First Name                Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State              Zip Code

Defendant 3:

First Name                Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State              Zip Code

Defendant 4:

First Name                Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State              Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

| Prison Address |
| --- |

| County, City | State | Zip Code |
| --- | --- | --- |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6