UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY HUGHES,

                Plaintiff,

-against-

CITY OF PORT JERVIS, *et al.*,

                Defendant.

22-CV-0600 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is appearing *pro se*, originally brought this action against the Port Jervis Police Department, alleging violation of his civil rights. By order dated January 25, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). On January 27, 2022, the Court dismissed Plaintiff's claims against the Port Jervis Police Department, substituted the City of Port Jervis and five "John Doe" Police Officers as Defendants, and entered an order pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) requiring the City Attorney for the City of Port Jervis to identify the "John Doe" officers who Plaintiff intends to sue. (ECF No. 6.)

    On June 29, 2022, Plaintiff filed an Amended Complaint, naming the City of Port Jervis and the following individuals as Defendants: Detective Peter Washalski; Sergeant Kevin Moscotiello; Police Chief William J. Worden; Police Officer Christopher J. Mehedin; Police Officer Andrew Dillinger; Detective Michael Decker; Police Officer Ryan Kievit; Detective Daniel Mionglionico; Police Officer Richard Santini.

## LEGAL STANDARD

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (cleaned up), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.      Service on Defendants Washalski, Decker, Worden, and Mehedin**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the Amended Complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding

IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on defendants Washalski, Decker, Worden, and Mehedin through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff is reminded of his obligation to notify the Court in writing if his address changes, and that the Court may dismiss the action if Plaintiff fails to do so.

**B.     Remaining Individual Defendants**

Plaintiff's claims against defendants Mioglionico, Moscotiello, Dillinger, Santini, and Kievit must be dismissed because he has failed to allege any wrongdoing by any of those individuals, nor has he alleged facts suggesting that any of them had the opportunity to intervene in wrongdoing by others and failed to do so. *See* Fed. R. Civ. P. 8(a); *Gerasimou v. Cillis*, No. 15-CV-6892, 2022 WL 118748, at *5 (E.D.N.Y. Jan. 12, 2022) ("A police officer may be liable for failure to intervene under Section 1983 where (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene.") (cleaned up).

## CONCLUSION

The Court dismisses Plaintiff's claims against Mioglionico, Moscotiello, Dillinger, Santini, and Kievit. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses, complete USM-285 forms for each of defendants Washalski, Decker, Worden, and Mehedin with the service address of City of Port Jervis Police Headquarters, 20 Hammond Street, Port Jervis, New York 12771, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to City Attorney, City of Port Jervis at: 20 Hammond St., Port Jervis, New York 12771.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.[1]

SO ORDERED.

Dated: August 9, 2022
White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL
United States District Judge

---

[1] Plaintiff has consented to receive electronic service of notices and documents in this case (ECF No. 3.)

## DEFENDANT AND SERVICE ADDRESS

City of Port Jervis Police Headquarters
20 Hammond St.
Port Jervis, New York 12771